200

281 P.2d 989

Jeanne Alexine JENKINS, Plaintiff-
Respondent,

v.

John Allen JENKINS and Veronica Jenkins,
Defendants-Appellants.

No. 8276.

Supreme Court of Utah.

April 12, 1955.

Gustin, Richards & Mattsson, Fred H. Evans, Salt Lake City, for appellants.

Ray, Rawlins, Jones & Henderson, Wm. R. Ingebretsen, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal from an order awarding plaintiff custody of her two minor children in a habeas corpus proceeding.

Defendants are John Allen Jenkins, father of the children involved, and his present wife, Veronica Jenkins. Since the latter is a nominal party only, our references to defendant herein will be to the defendant John Allen Jenkins only.

On March 9, 1953, in the Superior Court of California, in and for San Diego County, plaintiff obtained on interlocutory decree of divorce from defendant and was awarded custody of the parties' two minor children.

In May of that year, because of plaintiff's ill health, and at her request, the children were taken by defendant, who has since then cared for them. Defendant later remarried

and at the time of the commencement of this action was living in Salt Lake City, Utah. Final decree of divorce was entered March 9, 1954.

Plaintiff recovered from her illness and requested the defendant to return the children to her, and, upon his refusal, instituted, May 6, 1954, the present habeas corpus proceedings.

The defendant answered and alleged that the children were given to his care voluntarily, because of plaintiff's ill health; that there was no agreement or understanding between the parties that the children should be returned; that plaintiff was emotionally unstable and not in a proper physical or mental condition to care for them; that it was for the best interests of the children to remain with defendant. Defendant denied that plaintiff was a fit and proper person to have the care, custody and control of the children.

The writ issued, and upon the hearing, at the invitation of the trial court, the parties made "statements in the nature of a pretrial," and then agreed in open court to litigate the issue of custody of the children before the court which had granted the divorce and made the original custody award, the Superior Court of California, in and for San Diego County. In accordance with this agreement of the parties, the trial court ordered as follows:

"* * * Upon the oral stipulation of counsel and the pretrial statements made the court orders the hearing continued without date pending the filing by the defendants within ten days of a petition to modify the decree of divorce in the Superior Court of San Diego, California and the defendant agreeing to submit himself to their jurisdiction.

"The Court further retains the temporary custody of the two minor children, pending an order issuing from the Superior Court of San Diego, California awarding the custody of the children to either party, at which time this Court will order the custody of the children in whomever the Superior Court of San Diego, California directs."

The Superior Court of California, in and for San Diego County, in the resulting action, found that the parties had voluntarily appeared and submitted themselves to the jurisdiction of that court; that the plaintiff was a fit and proper person to have the care, custody and control of the minor children, and that it was for the best interests of said children to be in her care, custody and control; that there had not been any change of circumstances sufficient to warrant a modification of the divorce decree with respect thereto. Accordingly, that court ordered, on September 22, 1954, that the children be delivered immediately by the defendant to the home of the plaintiff. This order defendant appealed to the Supreme Court of California.

On October 14, 1954, plaintiff moved the trial court to enter its written order awarding her custody of the children. The trial court granted the motion and ordered that

the children be discharged from the custody of the defendant and be immediately returned to the custody of the plaintiff, provided, however, that the plaintiff not remove the children from the state of Utah before 12:00 o'clock noon, October 16, 1954, and not then if the Supreme Court of Utah or any justice thereof should otherwise order.

Thereupon, defendant filed his notice of appeal, and filed with this court a motion to stay the proceedings in the trial court pending the determination of this appeal. This court entered an order directing the plaintiff to return the children to the defendant immediately and prohibiting either party from taking the children from the state of Utah pending determination of this appeal.

On appeal, defendant contends that the trial court's failure to make a finding as to the best interests of the children was error. Further, defendant argues that the children should be left in his custody pending determination of the appeal in California.

The sole issue to be determined in this case is: Did the trial court err in ordering the minor children of plaintiff and defendant discharged from defendant's custody and returned to the custody of plaintiff?

To decide this issue we need only interpret the stipulation entered into by the parties.

The discussion of the parties which comprises the stipulation covers many pages of the record, and it is difficult to determine exactly what they agreed upon. We think, however, that the only reasonable interpretation of their discussion is that the parties agreed that the trial court would enter its order awarding custody in accordance with the order of the Superior Court of California, in and for San Diego County, immediately upon being advised thereof.

The trial court apparently had a like understanding of the parties' stipulation. This is evidenced by the wording of its order continuing the matter pending the order of the Superior Court of California, in and for San Diego County, set out above and, also, by its summarization of the stipulation upon which that order was based:

"Then to see if I can summarize this, the parties appear and make a pretrial statement and stipulate the matter may be continued, the court to retain jurisdiction of the children until such time as an order is obtained by either party. That is, a new order from the Superior Court of San Diego. That order could be either an order denying a petition to modify or granting a petition. And *at that time, upon being advised of the action of the Superior Court of San Diego County,* this court *will then make its written order* directing or granting the writ if you prevail down in San Diego, and denying the writ if you prevail, Mr. Gustin. Is that the understanding now, so that the parties won't have to come back?" (Italics ours.)

Defendant's contention that the trial court erred in not making a finding as to the best interests of the children cannot be sustained, since the parties agreed in their stipulation to be bound by a determination of that issue by the Superior Court of California, in and for San Diego County, which court made that determination.

The order of the trial court is affirmed. Costs to respondent.

McDONOUGH, C. J., CROCKETT and WADE, JJ., and VAN COTT, District Judge, concur.

HENRIOD, J., having disqualified himself does not participate herein.